IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OTTO "RAY" ODERMOTT, an individual, doing business as Odermott Alfalfa Seed Farms and Ray Odermott Farms,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD D. SAUL, an individual, doing business as Bernie Saul Alfalfa Seed Farms,<br><br>Defendant. | Case No. CV 04-351-S-MHW<br><br>**MEMORANDUM DECISION and ORDER** |

Currently pending before the Court is the Defendant's renewed Motion for Summary Judgment (docket # 44), filed July 28, 2006. The Court has thoroughly reviewed all of the materials submitted by the parties regarding the motion, heard oral argument, and as indicated on the record at the time of oral argument, will deny the motion.

**I.
Background.**

Plaintiff Otto "Ray" Odermott, d/b/a Odermott Alfalfa Seed Farms, and Ray Odermott Farms, ("Odermott") alleges that he researched, developed, and began marketing a variety of

alfalfa seed which he named "Tug of War." In April, 2003, Odermott applied for a trademark registration for "Tug of War," and a certificate of registration was issued in March, 2004.

Defendant Bernard Saul, d/b/a Bernie Saul Alfalfa Seed Farms, ("Saul") formed a limited liability company ("LLC") with Odermott in March, 2003. On March 24, 2003, they parties each signed an "Operating Agreement" ("Agreement") which was to govern the business relationship.[1] Saul paid an initial capital contribution of $25,000 in exchange for a 25% interest in the company. Odermott did not contribute capital per se, but was assigned a 75% interest. The purpose of the LLC was the production and selling of alfalfa seed to farmers.

After the termination of the business relationship, Saul believed, pursuant to article 8 of the Agreement, that he had a legal right to continue to market the "Tug-of-War" trademark in the marketing and selling of alfalfa seed. In addition, Saul asserts that Odermott never repaid his $25,000 capital contribution after the LLC dissolved.

Odermott's position is that, after the dissolution of the LLC, Saul continued to market and sell alfalfa seed under the name "Tug of War," without authorization. Odermott brought suit to obtain a permanent injunction against Saul's activities, and for violation of trademark rights and interference with a prospective business advantage.

---

[1] Odermott contends in the memorandum presented with his motion, that now he has no "recollection" of signing the Agreement. However, on August 23, 2005, Plaintiff's counsel signed a request for admission that admitted he had signed the Agreement. No subsequent motion to withdraw that request for admission has ever been submitted to the Court, therefore there has been no determination under Fed. R. Civ. Pro. 36 (b) that Odermott should be allowed to withdraw from that admission. Odermott's admission that he signed the Agreement is conclusively established for trial purposes.

**Memorandum Decision and Order - Page 2**

Saul has counterclaimed for the return of the amount of his capital contribution in the amount of $25,000, plus interest, and that Odermott be enjoined from interfering with Saul's use of the name "Tug of War" for marketing purposes.

## II.
## Standard of review.

Motions for summary judgment are governed by Fed. R. Civ. P. 56. Rule 56, which provides in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The United States Supreme Court has made it clear that under Rule 56, summary judgment is required if the nonmoving party fails to make a showing sufficient to establish the existence of an element which is essential to his case and upon which he/she will bear the burden of proof at trial. *See Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). If the nonmoving party fails to make such a showing on any essential element of his case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. *See also* Rule 56(e).

Under Rule 56 it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the

litigation.  An issue is "genuine" when there is "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial,"*Hahn v. Sargent*, 523 F.2d 461, 463 (1st Cir. 1975) (quoting *First Nat'l Bank v. Cities Serv. Co., Inc.,* 391 U.S. 253, 289 (1968)), *cert. denied,* 425 U.S. 904, 96 S. Ct. 1495, 47 L.Ed.2d 754 (1976), or when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986).   The Ninth Circuit cases are in accord.  *See British Motor Car Distributors, Ltd. v. San Francisco Automotive Industries Welfare Fund*, 882 F.2d 371 (9th Cir. 1989).

## III.
## Defendant's motion to renew motion for summary judgment.

### A.         Defendant Saul's position.

Saul asserts that all of his activities after the formation of the LLC were in compliance with the express terms of the Agreement.  First, Saul asserts that he is entitled to continue to market Tug-of-War as Tug-of-War  by virtue of the language contained in Article VIII, Section 8.1, of the Agreement.  This section provides that upon dissolution of the LLC:

> The LLC shall be dissolved upon the occurrence of either of the following events (each such event, a 'Liquidation Event'):
>
> > a. a determination by a Supermajority of members to dissolve the LLC; or
> >
> > b. the entry of a decree of judicial dissolution under state law to dissolve the LLC.
>
> *No other event* - - including (but not limited to) the *withdrawal,* removal, death, insolvency, liquidation, *dissolution,* expulsion,

**Memorandum Decision and Order - Page 4**

> bankruptcy, or physical or mental incapacity of a Member - - shall cause the existence of the LLC to terminate.
>
> Upon the dissolution for any reason the LLC may be continued by a majority in interest of the remaining Member. Any marketing logos, trade marks, brands, and customer lists developed or used by the LLC, can be used freely by the members as individuals after dissolution. The members are required to repay the capital contribution to the other members, in cash within 30 days of dissolution.

(Operating Agreement at Article VIII, Section 8.1, emphasis added.) Once the dissolution of the LLC occurred, Saul argues that he had a "majority in interest" and he was therefore entitled to freely market the LLC products, including Tug-of-War, pursuant to the terms of Article VIII.

In addition, Saul asserts that he was entitled to receive repayment of his $25,000 in capital within 30 days of the dissolution. Saul relies on Section 7.2 of the Agreement which provides that if Saul withdrew from the LLC, then he is not only entitled to 100% of his capital contribution, but also 10% interest on the deficiency until paid.

### B.     Plaintiff Odermott's position.

Odermott's position is very different from Saul's. Odermott asserts that he has no recollection of signing the Agreement that Saul relies upon. He disputes that a partnership to sell Tug-of-War ever existed between Saul and himself. Odermott accuses Saul of theft of his property and illegal use of the registered Tug-of-War trademark. Odermott alleges that Saul never had permission to use the trademark, that Saul has absconded with trade secrets about the seed, has stolen business assets, i.e. a farm vehicle which Saul refused to return and a seed trailer, and has failed to account for sales generated from Odermott's seed.

Odermott further disputes that Saul is entitled to a return of his capital contribution because the Operating Agreement was not a valid contract between the parties. In addition, Odermott argues that Saul garnered more than $25,000 in benefits for himself from all of the things he stole and sold without accounting to Odermott or sharing the revenue. Odermott estimates that Saul obtained a benefit worth over $38,000.

### C. Discussion.

At the hearing, the Court stated on the record that the renewed Motion for Summary Judgment would be denied because of the numerous issues of disputed fact that exists between the parties concerning this business arrangement. For example, while it is undisputed that Saul contributed the amounts of $10,000 and $15,000 to Odermott toward advertising and marketing the alfalfa seed, Saul's position is that the business never got off the ground. On the other hand, after the contributions were made and the Agreement signed, "At that point," Odermott testified, "I thought we were in business." (Odermott's depo., Feb 8, 2006, page 18, lines 10-11.)

Other disputed issues of material fact exist over how long the business relationship lasted, and whether one party or the other was acting on behalf of the LLC when certain conduct occurred. For instance, Plaintiff Odermott alleges that while he was away on a trip to Russia, Defendant Saul sold all of the seed inventory without his knowledge or his agreement to do so and kept the proceeds. He further alleges that Defendant Saul interfered with a prospective business advantage while Odermott was in Russia.

The parties further dispute the facts that underlie the federal claim in this lawsuit involving ownership of the Trademark Tug-of-War ("Trademark"). Odermott states that he is the registered owner of the Trademark and that any use of it by Saul is prohibited. Odermott

**Memorandum Decision and Order - Page 6**

states that Saul did not participate in the development of the Trademark and that his use of the Trademark predated any use by Saul.  Odermott contends that these facts indicate that Odermott has the exclusive rights to use the Trademark under federal law.

While Odermott's position does have a legal basis, assuming his rendition of the facts are actually true,  Saul disputes several of these key contentions.  Although Odermott agrees that the evidence "suggests" that the parties contemplated a business partnership under which they would use the Trademark, he goes on to state that the business never came about.  Saul claims just the opposite:  that the parties signed the Agreement with the express understanding that he was authorized to begin selling the alfalfa seed on behalf of the LLC.  The intention of the parties regarding the use of the Trademark and whether it became an asset of the LLC is critical to a determination of who now has the right to use the Trademark.  The Court finds that there are legitimate issues of material fact which preclude entry of summary judgment on this claim.

Saul requested in his motion that Odermott's case be dismissed, which would include the claim for interference with prospective business advantage.  Saul does not expressly discuss this cause of action in his renewed Motion for Summary Judgment, however, based on his position that he was equally entitled to use the Trademark, the Court can infer that he contends that there could be no interference with any prospective business advantage.  Odermott argues that Saul's alleged conduct in stealing his client list and selling the inventory interfered with his business. However, as noted above, this all goes back the disputed issues of fact as to the formation of the business, whether the Trademark was an asset of the business, and whether Odermott had express or implied authority to act on behalf of the LLC.

**Memorandum Decision and Order - Page 7**

There are clearly too many genuine issues of material fact to even begin to consider granting summary judgment in favor of one party or the other.  Therefore, the Court will deny the renewed Motion for Summary Judgment.

## **ORDER**

Based upon the foregoing, the Court being fully advised in the premises, **IT IS HEREBY ORDERED that:**

1)  Defendant's Motion to Renew the Motion for Summary Judgment (docket # 44), filed July 28, 2006, is DENIED.



DATED:  **January 25, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge